ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA HATZENBUHLER, | CIVIL NO. CV08-00497 JMS BMK |
| Plaintiff, | COMPLAINT; EXHIBITS "A and B"; SUMMONS |
| vs. | |
| VALENTINE & KEBARTAS, INC. | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

### INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. On or about July 25, 2008, Defendant sent its first and only letter to Plaintiff. A true copy of that letter is attached hereto as Exhibit "A".

7. Both before and after that letter was sent, Defendant contacted Plaintiff's father in California, stating that Plaintiff owed some $4000.00 on a Washington Mutual account.

8. Adam Walker, an employee of Defendant called Plaintiff at 6:34 a.m., 6:41 a.m. and 6:42 a.m. on the same day.

9. On July 17, 2008, Janet Marksen, and employee of Defendant, called Plaintiff at 3:16 a.m.

10. On July 24, 2008, Mike Fields, and employee of Deendant, called Plaintiff at 6:56 a.m.

11. On August 27, 2008, Adam Walker again called Plaintiff at 6:35 a.m.

12. Adam Walker had called Plaintiff's father in California earlier that day and obtained Plaintiff's cell phone number from her father who has Alzheimer's disease, and also convinced Plaintiff's father to give Defendant a check by telephone.

13. On August 27, 2008, Plaintiff wrote a letter to Defendant. A true copy of that letter is attached hereto as Exhibit "B".

14. Defendant received that letter on September 2, 2008.

15. On September 4, Defendant called Plaintiff at 6:34 a.m. in an effort to collect the alleged debt.

16. The underlying debt was incurred primarily for personal, family, or household purposes.

17. Plaintiff has suffered severe emotional distress as a result of Defendant's actions as described above.

## COUNT I

18. Plaintiff realleges and incorporates paragraphs 1 through 17 of this Complaint.

19. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendant has violated 15 U.S.C. §1692c.

### COUNT II

20. Plaintiff realleges and incorporates paragraphs 1 through 19 of this Complaint.

21. Defendant has violated Chapters 443B and 480 of the Hawaii Revised Statutes as alleged above.

22. Defendant's violations of HRS Chapter 443B and of the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

23. Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in

violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

24. Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved.

2. Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS

4. Award Plaintiff reasonable attorneys' fees and costs.

5. Award Plaintiff other appropriate relief.

DATED: Honolulu, Hawaii, October 29, 2008.

JOHN HARRIS PAER
Attorney for Plaintiff